IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANK TUFANO,** | : | **Civil No. 3:24-CV-1114** |
| | : | |
| **Plaintiff** | : | |
| | : | **(Judge Saporito)** |
| **v.** | : | |
| | : | |
| **REDDIT, INC.,** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **Defendant.** | : | |

## REPORT AND RECOMMENDATION

### I.    Factual Background

This case comes before us for a legally mandated screening review of the *pro se* plaintiff's complaint. (Doc. 1). Frank Tufano alleges that he was a social media content creator whose YouTube channel, "Frank Tufano," shared diet and lifestyle advice using various online platforms, including Reddit, Inc. (Id., ¶ 2). According to Tufano, "[a]pproximately five years ago," he was permanently banned from Reddit. (Id., ¶ 3). Tufano attributes this action to a cabal and illicit conspiracy to restrain trade and defame him. (Id.) On the basis of these modest and dated allegations, Tufano alleges federal antitrust claims against Reddit; asserts claims under the Federal Trade Commission (FTC) Act; and endeavors to bring a criminal conspiracy charge against Reddit under state law, 18 Pa.C.S. §903.

Along with this complaint, Tufano has filed a motion for leave to proceed *in forma pauperis* which we have granted. However, upon consideration, for the reasons set forth below, it is recommended that the complaint be dismissed.

## II.    Discussion

### A.    Screening of *Pro Se* Complaints–Standard of Review

This court has an on-going statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis*. See 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, we are obliged to review the complaint to determine whether any claims are frivolous, malicious, or fail to state a claim upon which relief may be granted. This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for the legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)], and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal, –U.S.–, 129 S. Ct. 1937 (2009), pleading standards have seemingly shifted from simple notice pleading to a more

2

heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. Jordan v. Fox, Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action, a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id., at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal,

3

556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to

dismiss, a court should "begin by identifying pleadings that, because they are no

more than conclusions, are not entitled to the assumption of truth." Id., at 679.

According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." Id., at 678. Rather,

in conducting a review of the adequacy of a complaint, the Supreme Court has

advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than
> conclusions are not entitled to the assumption of truth. While legal
> conclusions can provide the framework of a complaint, they must be
> supported by factual allegations. When there are well-pleaded factual
> allegations, a court should assume their veracity and then determine
> whether they plausibly give rise to an entitlement to relief.

Id., at 679.

Thus, following Twombly and Iqbal, a well-pleaded complaint must contain

more than mere legal labels and conclusions; it must recite factual allegations

sufficient to raise the plaintiff's claimed right to relief beyond the level of mere

speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to
> state a claim, district courts should conduct a two-part analysis. First,
> the factual and legal elements of a claim should be separated. The
> District Court must accept all of the complaint's well-pleaded facts as
> true, but may disregard any legal conclusions. Second, a District Court
> must then determine whether the facts alleged in the complaint are
> sufficient to show that the plaintiff has a "plausible claim for relief." In
> other words, a complaint must do more than allege the plaintiff's

4

entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

As the Court of Appeals has observed:

The Supreme Court in Twombly set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in Iqbal. The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. 1955. A complaint satisfies the plausibility standard when the factual pleadings "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint which pleads facts "merely consistent with" a defendant's liability, [ ] "stops short of the line between possibility and plausibility of 'entitlement of relief.' "

Burch v. Milberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011), cert. denied,

132 S. Ct. 1861 (2012).

In practice, consideration of the legal sufficiency of a complaint entails a

three-step analysis:

First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Iqbal, 129 S. Ct. at 1947. Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id., at 1950. Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129

S. Ct. at 1950).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

It is against these benchmarks that we evaluate Tufano's complaint.

### B.    <u>The Complaint Should be Dismissed.</u>

In our view, this complaint is fatally flawed in numerous ways. At the outset, the claims are time-barred under the applicable statute of limitations. Moreover, in many instances, Tufano's allegations are substantively flawed.

When conducting a screening review of a *pro se* complaint under 28 U.S.C. § 1915, a court may consider whether the complaint is barred under the applicable statute of limitations. As the United States Court of Appeals for the Third Circuit

recently explained when it affirmed the screening dismissal of a *pro se* complaint on

statute of limitations grounds:

> Civil rights claims are subject to the statute of limitations for personal
> injury actions of the pertinent state. Thus, Pennsylvania's two year
> statutory period applies to [these] claims. See Lake v. Arnold, 232 F.3d
> 360, 368 (3d Cir.2000). The limitations period begins when the plaintiff
> knows or had reason to know of the injury forming the basis for the
> federal civil rights action. Gera v. Commonwealth of Pennsylvania, 256
> Fed.Appx. 563, 564-65 (3d Cir.2007). Although we have not addressed
> the issue in a precedential decision, other courts have held that although
> the statute of limitations is an affirmative defense,  district court may
> *sua sponte* dismiss a complaint under § 1915(e) where the defense is
> obvious from the complaint and no development of the factual record
> is required. See Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir.2006);
> see also Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656-57 (4th
> Cir.2006) (citation omitted)(finding that a district court's screening
> authority under § 1915(e) "differentiates in forma pauperis suits from
> ordinary civil suits and justifies an exception to the general rule that a
> statute of limitations  defense should not be raised and considered sua
> sponte.").

Smith v. Delaware County Court 260 F. App'x. 454, 455 (3d Cir. 2008); see also

Jackson v. Fernandez, No. 08-5694, 2009 WL 233559 (D.N.J. Jan. 26, 2009); Hurst

v. City of Dover, No. 04-83, 2008 WL 2421468 (D. Del. June 16, 2008).

While the statute of limitations period may be extended based upon a

continuing wrong theory, a plaintiff must make an exacting showing to avail himself

of this ground for tolling the statute of limitations. Indeed, it is well settled that the

"continuing conduct of [a] defendant will not stop the ticking of the limitations clock

[once] plaintiff obtained requisite information [to state a cause of action]. On

discovering an injury and its cause, a claimant must choose to sue or forego that remedy." <u>Barnes v. American Tobacco Co.</u>, 161 F.3d 127, 154 (3d Cir. 1998) (quoting <u>Kichline v. Consolidated Rail Corp.</u>, 800 F. 2d 356, 360 (3d Cir. 1986)).

These basic legal tenets are applicable here and are fatal to Tufano's claims. The gravamen of these claims is Tufano's assertion that "[a]pproximately five years ago," he was permanently banned from Reddit. (Doc. 1, ¶ 3). By pleading his claims in this fashion, Tufano has effectively pled himself out of federal court.

Turning first to Tufano's principal allegations, which relate to federal antitrust violations, it is well-settled that, "[t]he Antitrust laws provide for a four-year statute of limitations." <u>Stewart Aviation Co. v. Piper Aircraft Corp.</u>, 372 F. Supp. 876, 877 (M.D. Pa. 1974). Moreover, "[t]he general rule in antitrust actions is that a cause of action accrues, and the statute of limitations begins to run when a Defendant commits an act that injures a plaintiff's business." <u>Id.</u> In this case, the gist of Tufano's antitrust claim is his allegation that he was permanently banned from Reddit, an event which Tufano tells us took place approximately five years ago. Thus, on the face of this complaint, Tufano's antitrust claims run afoul of the four-year statute of limitations and should be dismissed.

Tufano's efforts to invoke the Federal Trade Commission Act suffer a similar fate and encounter two separate and insurmountable legal obstacles. At the outset, we note that Tufano may not rely upon the Federal Trade Commission Act to pursue

a private right of action against Reddit for a single, simple reason. As one court has

observed when disposing of a similar claim:

> Plaintiff asserts a claim under the Federal Trade Commission Act, which prohibits unfair methods of competition and unfair or deceptive acts or practices. However, "private parties are not authorized to file enforcement actions, only the FTC has that authority." Therefore, this claim will be dismissed with prejudice.

Kornea v. J.S.D Mgmt., Inc., 366 F. Supp. 3d 660, 669 (E.D. Pa. 2019).

Entirely aside from this legal impediment, even if Tufano could assert private

claims under this statute, The Act provides that such claims must be brought within

three years. 15 U.S.C. § 57b (d). Tufano's allegations, by his own admission, fall

two years outside this limitations period. Therefore, any such allegations would also

be time-barred.

In addition, Tufano appears to advance a claim under Pennsylvania's criminal

conspiracy statute, 18 Pa. C.S. § 903. This claim is fatally flawed on multiple scores.

First, to the extent that Tufano invites us to institute a criminal prosecution, it is clear

that decisions regarding the filing of criminal charges are the prerogative of the

executive branch of government, are consigned to the sound discretion of

prosecutors, and under the separation of powers doctrine are not subject to judicial

fiat. Indeed, it has long been recognized that the exercise of prosecutorial discretion

is a matter, "particularly ill-suited to judicial review." Wayte v. United States, 470

U.S. 598, 607, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985). Recognizing this fact, courts

have long held that a civil rights plaintiff may not seek relief in civil litigation in the

form of an order directing the criminal prosecution of some third parties, finding that

civil plaintiffs lack standing to make such claims and concluding that such relief

simply is unavailable in a civil lawsuit. See, e.g., Ostrowski v. Mehltretter, 20 Fed.

Appx. 87, 90 (2d Cir.2001) (stating that "Ostrowski has no standing to sue for any

of Mehltretter's actions. First of all, he has not shown, injury-in-fact. The failure of

Mehltretter to investigate or prosecute Bybel did not injure him in any direct manner-

he has no 'personal stake in the outcome' of a perjury case brought against (or not

brought against) another person ."); see also Kim v. Romero, 877 F.2d 64, 1989 WL

67116 at *1 (9th Cir. June 14, 1989) (affirming the dismissal of a suit against various

prosecuting authorities for their failure to bring charges against a sheriff for alleged

battery); McMinn v. Damiani, 765 F.2d 145, 1985 WL 13323 (6th Cir. May 3, 1985)

(affirming the dismissal for lack of standing a pro se civil rights case where plaintiff

had sued state prosecuting authorities for failing to investigate or prosecute claims

against various state judges and lawyers); Gessner v. Dep't of Corr., 3:14-CV-111,

2014 WL 972290 (M.D. Pa. Mar. 12, 2014); Snyder v. Aaron, CIV.A. 05−1602,

2006 WL 544466 (W.D. Pa. Mar. 6, 2006); Moyer v. Borough of North Wales, Civ.

No. 00−1092, 2000 WL 1665132 at *2 (E.D. Pa. Nov. 7, 2000) (stating that "Moyer

has no judicially cognizable interest in Timothy Conley's criminal prosecution.

Accordingly, an agreement to refrain from prosecuting Conley for sexual assault or

to charge him with disorderly conduct or the act thereof violates no constitutional

right that Moyer has standing to assert."); see also Wise v. Augustine, Civ. No.

97–2651, 1997 WL 534695 at *2 (E.D. Pa. Aug. 8, 1997) (stating that "[a] private

citizen has no constitutional, statutory, or common law right to require a public

official to investigate or prosecute a crime."); Dundore v. O'Donnell, Civ. No.

85–2907, 1985 WL 2681 at *2 (E.D. Pa. Sept.17, 1985) (stating that "Defendant

O'Donnell is alleged to have refused to file the criminal charges brought by plaintiffs.

Although plaintiffs were no doubt aggrieved when O'Donnell refused to file the

charges, they have no constitutional right that I am aware of to have criminal charges

filed."); Corbin v. Stevens, Civ. No. 91–1054, 1992 WL 96684 at *2 (S.D.N.Y. April

30, 1992) (stating that "[p]laintiff possesses no constitutional right to have someone

arrested...."). Therefore, this claim fails as a matter of law and should be dismissed.

Further, construing these averments as alleging some amorphous form of civil

conspiracy in violation of state law, we note that:

> Under Pennsylvania law there are three essential elements to a civil
> conspiracy claim. To plead and prove such a claim a plaintiff must
> allege that: (1) two or more persons acted with a common purpose to
> commit an illegal act or to commit a lawful act by unlawful means or
> for an unlawful purpose, (2) overt action in furtherance of the common
> purpose has been taken and (3) actual legal damage has resulted.
> Weaver v. Franklin County, 918 A.2d 194,202 (2007) (citing Brown v.
> Blaine, 833 A.2d 1166 (2003)). Moreover:
>
>> [I]n order to plead a civil ... action based upon a claim of
>> conspiracy, a plaintiff must plead allegations that are:
>> supported by facts bearing out the existence of the

> conspiracy and indicating its broad objectives and the role each defendant allegedly played in carrying out those objectives. Bare conclusory allegations of "conspiracy" or "concerted action" will not suffice to allege a conspiracy. The plaintiff must expressly allege an agreement or make averments of communication, consultation, cooperation, or command from which such an agreement can be inferred.

> Flanagan v. Shively, 783 F.Supp. 922, 928 (M.D. Pa. 1992). Furthermore, when pleading a conspiracy claim, a plaintiff cannot rely upon subjective suspicion and speculation. Young v. Kann, 926 F.2d 1396, 1405 n. 16 (3d Cir. 1991). Quite the contrary, "to properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred. D.R. v. Middle Bucks Area Vocational Tech. Sch., 972 F.2d 1364, 1377 (3d Cir. 1992); see also Startzell v. City of Philadelphia, 533 F.3d 183, 205 (3d Cir. 2008) (stating that a conspiracy requires a 'meeting of the minds') (further citation omitted). This holding remains good law following Twombly and Iqbal, which, in the conspiracy context, require 'enough factual matter (taken as true) to suggest that an agreement was made,' in other words, 'plausible grounds to infer an agreement.' Twombly, 550 U.S. at 556, 127 S.Ct. 1955, 167 L.Ed.2d 929." Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 178 (3d Cir. 2010) cert. denied, — U.S. —, 131 S.Ct. 1798, 179 L.Ed.2d 655 (U.S. 2011).

Angino v. BB&T Bank, No. 1:15-CV-2105, 2016 WL 4408835, at *12 (M.D. Pa. June 7, 2016), report and recommendation adopted sub nom. Angino v. BB&T, No. 1:15-CV-2105, 2016 WL 4366962 (M.D. Pa. Aug. 16, 2016).

Tufano's vague and amorphous conspiracy claim plainly does not meet this level of pleading demanded by law. Moreover, the complaint names a single corporate defendant, Reddit, Inc., and as a general rule "[a] corporation cannot conspire with itself." Jagielski v. Package Mach. Co., 489 F. Supp. 232, 233 (E.D.

12

Pa. 1980). Therefore, to the extent that Tufano alleges a single party corporate conspiracy, the pleading fails to state a claim upon which relief may be granted.

Further, to the extent that Tufano is attempting to allege some sort of a conspiracy under state law to engage in otherwise largely undefined tortious behavior, in Pennsylvania, the statute of limitations for tort actions is two years. 42 Pa.C.S. § 5524. A cause of action accrues for statute of limitations purposes when the plaintiff knows or has reason to know of the injury that constitutes the basis of the cause of action. Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998); see also, Nelson v. County of Allegheny, 60 F.3d 1010 (3d Cir. 1995). Furthermore, "[u]nder Pennsylvania law, the statute of limitations with respect to a conspiracy begins to run from each overt act causing damage." Ammlung v. City of Chester, 494 F.2d 811, 814–15 (3d Cir. 1974).

In this case, the essence of Tufano's state law tortious conspiracy claim is his allegation that he was permanently banned from Reddit, an event which Tufano tells us took place approximately five years ago. Thus, on the face of this complaint, this claim also run afoul of the state two year statute of limitations and should be dismissed.

In sum, this *pro se* complaint falters on multiple grounds, many of which cannot be cured through more artful pleading. We are mindful that *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint

is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote Concrete Contractors,

482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend is not

necessary because amendment would be futile or result in undue delay. Alston v.

Parker, 363 F.3d 229, 235 (3d Cir. 2004). However, in this case it is apparent that

granting further leave to amend would be futile and lead to undue delay. Therefore,

this case should now be dismissed with prejudice.

III.    **Recommendation**

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that that the

plaintiff's complaint, (Doc. 1), be dismissed.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within
fourteen (14) days after being served with a copy thereof. Such party
shall file with the clerk of court, and serve on the magistrate judge and
all parties, written objections which shall specifically identify the
portions of the proposed findings, recommendations or report to which
objection is made and the basis for such objections. The briefing
requirements set forth in Local Rule 72.2 shall apply. A judge shall
make a de novo determination of those portions of the report or
specified proposed findings or recommendations to which objection is
made and may accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge. The judge,
however, need conduct a new hearing only in his or her discretion or
where required by law, and may consider the record developed before
the magistrate judge, making his or her own determination on the basis
of that record. The judge may also receive further evidence, recall
witnesses, or recommit the matter to the magistrate judge with
instructions.

Submitted this 8th day of November 2024.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
